IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| NEAL TECHNOLOGIES, INC. <br> d/b/a BULLET PROOF DIESEL, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | CASE NO. 1:21-cv-01023-STA-jay |
| v. | ) <br> ) | JURY DEMANDED |
| MIKE'S BULLETPROOF <br> DIESEL and MIKE LEWIS, | ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART, DENYING IN PART MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff Neal Technologies, Inc. d/b/a Bullet Proof Diesel's Motion for Default Judgment and Permanent Injunctive Relief (ECF No. 18) filed March 8, 2021. Plaintiff filed its Complaint for trademark violations and unfair competitive practices against Defendant Mike's Bulletproof Diesel and Mike Lewis on February 1, 2021. According to the Complaint, Defendants operate or advertise a business in the Western District of Tennessee and holds itself out to the public as a dealer and/or installer of products bearing Plaintiff's Bullet Proof marks. The Complaint would hold Defendants liable for violations of the federal Lanham Act, 15 U.S.C. § 1501 *et seq.*; unfair competition under Tennessee common law; and the Tennessee Consumer Protection Act, Tenn. Code 47–18–101 *et seq*.

Plaintiff served both Defendants with process on February 3, 2021, thereby triggering the 21-day deadline to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). When Defendants

1

failed to enter an appearance or respond in any way to the Complaint, Plaintiff filed a motion for entry of default, and the Clerk of Court entered default against both Defendants on March 2, 2021. Plaintiff now seeks a default judgment providing permanent injunctive relief against Defendants as well as an award of attorney's fees and costs.

The Court finds that Plaintiff's Motion for Default Judgment is well taken but only in part. First, the Court holds that Plaintiff is entitled to permanent injunctive relief on its trademark and unfair practices claims. The Lanham Act defines "trademark" as "any word, name, symbol, or device . . . used by a person . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. In order to state a claim of trademark infringement under the Lanham Act, a plaintiff must allege that (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion or mistake. *Oaklawn Jockey Club, Inc. v. Kentucky Downs, LLC*, 687 F. App'x 429, 431 (6th Cir. 2017) (citing 15 U.S.C. § 1114(1)). Defendants by their default have admitted the factual allegations of the Complaint, namely, that Plaintiff owns the "Bullet Proof" marks and that Defendants have operated a business in this District improperly using Plaintiff's various "Bullet Proof" marks. "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110–11 (6th Cir.1995)); *see also* Fed.R.Civ.P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Defendants' unauthorized use of Plaintiff's marks also establishes a likelihood of confusion about the marks. "[P]roof of continued, unauthorized use of an original trademark by one [who had no license to use the trademark] is sufficient to establish 'likelihood of confusion.'" *Little Caesar Enter., Inc. v. Miramar Quick Serv. Restaurant Corp.*, No. 19-1860, 2020 WL 4516289, at *3 (6th Cir. June 25, 2020) (citing *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1190 (6th Cir. 1997)).[1] Based on the well-pleaded factual allegations of the Complaint, the Court holds that Defendants are liable to Plaintiff for trademark infringement and unfair practices and that a permanent injunction is warranted. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 202 (1985) ("The Lanham Act . . . authorizes courts to grant injunctions 'according to principles of equity.'"); 15 U.S.C. § 1116(a) (stating that a violation of the Act creates a "rebuttable presumption of irreparable harm" to the plaintiff seeking a permanent injunction). Therefore, Plaintiff's prayer for default judgment and permanent injunctive relief are **GRANTED**.

---

[1] The Court would point out that Plaintiff's claims for false designation/description under the Lanham Act and violations of the TCPA involve largely similar legal tests to the trademark infringement claim. *See NetJets Inc. v. IntelliJet Group, LLC*, 678 F. App'x 343, 347 (6th Cir. 2017) ("A plaintiff can also show success in a false designation of origin claim based on whether the false designation creates a 'likelihood of confusion.'"); *Moore v. Weinstein Co., LLC*, 545 F. App'x 405, 412 (6th Cir. 2013) ("The same analysis that applies to the federal Lanham Act claims also applies to the state claims of unfair competition under . . . the Tennessee Consumer Protection Act.").

There is some question as to whether the "likelihood of confusion" standard applicable to federal Lanham Act claims also governs claims of unfair competition under Tennessee common law. *See Sovereign Order of Saint John of Jerusalem, Inc. v. Grady*, 119 F.3d 1236, 1243 (6th Cir. 1997) ("Tennessee's law of unfair competition differs significantly from the federal law of unfair competition in that the former requires a showing of 'actual confusion,' whereas the latter requires only a showing of a 'likelihood of confusion.'"); *cf. General Conf. Corp. of Seventh-Day Adventists v. McGill*, 624 F. Supp. 2d 883, 891 (W.D. Tenn. 2008) ("Tennessee unfair competition claims and common law infringement claims are analyzed under the same standards as federal claims."). The Court need not make a final determination of this question to decide Plaintiff's Motion for Default Judgment. The facts of the Complaint, which Defendants have admitted by virtue of their default, make out Plaintiff's other theories of recovery.

This just leaves Plaintiff's request for $9,554.00 in attorney's fees and $826.18 in costs.[2] The Lanham Act allows a district court to award attorney's fees to the prevailing party but only in "exceptional cases." 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Evoqua Water Tech., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). The Court finds that Plaintiff has not made any of these showings here. Plaintiff's Complaint makes a conclusory allegation about the "exceptional" nature of the case. *See* Compl. ¶¶ 34, 46 ("Defendants' conduct renders this an exceptional case. Accordingly, BPD is also entitled to recover from Defendants treble damages and reasonable attorney's fees under 15 U.S.C. §1117."). Otherwise, the Motion for Default Judgment does not argue why this is an exceptional case or why an award of fees is warranted. Without more, Plaintiff's request for attorney's fees and costs must be denied.

## CONCLUSION

The Motion for Default Judgment is **GRANTED in part, DENIED in part**. The Court will enter the Default Judgment separately.

**IT IS SO ORDERED**.

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                CHIEF UNITED STATES DISTRICT JUDGE

                Date: March 18, 2021

---

[2] Although the Complaint initially sought unliquidated damages, Plaintiff has now waived that request for relief.